HATTIE SIMPSON ET AL. v. THOMAS G. JONES ET AL.

(Filed 6 April, 1932.)

**Mortgages A a—Instruction as to whether papers constituted in effect a mortgage or deed held insufficient in this case.**

Where there is evidence that a deed to lands and a contract to reconvey were executed at the same time, the question being as to whether the deed was in effect a mortgage to secure borrowed money, a directed instruction upon the issue in the grantee's favor is erroneous which is based upon the admissions of the parties but leaves out reference to the evidence tending to show that the effect of the transaction was a mortgage for the loan, and, also, as to the legal effect of the papers under the evidence introduced.

APPEAL by the plaintiffs from *Harwood, Special Judge,* at October, Term, 1931, of CASWELL. New trial.

*Glidewell & Gwyn for plaintiffs.*
*M. C. Winstead for defendants.*

ADAMS, J. The plaintiffs executed and delivered to the defendants a deed purporting to convey a tract of land containing forty acres and alleged that the deed was intended as a mortgage to secure the sum of $1,000 loaned them by the defendants. This conveyance was dated 16 April, 1929. Another paper purporting to have been executed on 25 April, 1929, was signed by the plaintiffs and the defendants, in which the plaintiffs contracted to convey to the defendants the land above described for the sum of $1,000, and the defendants agreed that upon receiving this sum at a designated time they would reconvey the property to the plaintiffs. There was evidence tending to show that the deed and the contract were executed and delivered at the same time. On the issue relating to the contract between the parties the trial court instructed the jury as follows: "If you find from the evidence that Hattie Simpson went to the defendants and asked a loan and further find from

the evidence that the defendants, after looking over it, said they would buy the farm and then in consequence of such negotiations between them they had the papers executed, the deed executed, and the contract to reconvey executed, if you should find the facts so to be from the evidence, you would answer the first issue, No." The issue was answered in the negative.

We think the plaintiffs' exception to the foregoing instruction should be sustained. The instruction amounts practically to a directed verdict. About all the elements contained in it as a basis for an answer to the issue were admitted by the parties and certain parts of the evidence bearing upon the intention of the parties were inadvertently omitted from the charge. Nor is there a satisfactory instruction as to the legal effect of the papers. For these reasons the plaintiffs are entitled to a new trial.

New trial.